IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SHIRLEY GARRETT WEBSTER, DWAYNE GARRETT, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. 6:19-CV-00196-JDK |
| UNITED STATES OF AMERICA, ELIZABETH SHUMAKER, BILL BARR, NANCY PELOSI, CHUCK SCHUMER, ADMINISTRATIVE OFFICE OF THE UNITES STATES COURT, | § § § § § § § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiffs Dwayne Marvin Garrett ("Mr. Garrett") and Shirley Garrett Webster ("Ms. Garrett") (collectively "Plaintiffs"), proceeding *pro se*, have filed this lawsuit against various Defendants. On May 22, 2019, the Magistrate Judge issued his Report and Recommendation (Docket No. 4), recommending that the action be dismissed with prejudice. Plaintiffs filed Objections (Docket No. 6) to the Report and Recommendation on May 31, 2019.

The Court reviews *de novo* the portions of the Magistrate Judge's findings to which objections have been raised. 28 U.S.C. § 636(b)(1). Having reviewed the Magistrate Judge's findings and Plaintiffs' Objections, the Court **OVERRULES** the Objections (Docket No. 6) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 4) as the findings of the Court.

## I. LEGAL STANDARD

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). A court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II. ANALYSIS

Plaintiffs' Objections, which are captioned as "Objection to motion for recommendation in case # 619-CV-196-JDKJDL. This court has no jurisdiction to commit obstruction of justice," states in relevant part:

> This court has no jurisdiction under the Constitution of the United States under article 1 and 5. This is a Criminal matter which can only be resolved by the Justice Department, Bill Barr, and a twelve man jury under title 18 USC 1001.

Docket No. 6. Plaintiffs appear to be arguing that the Court lacks jurisdiction to dismiss the case and that any decision in this action must instead be made by the U.S. Department of Justice and a "twelve man jury." *Id*.

Plaintiffs are mistaken. The Court has subject matter jurisdiction under Article III, Section 2 of the United States Constitution and 28 U.S.C. § 1332. Further, the Court has inherent power to "*sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)). This power includes the authority to

dismiss a complaint on its own for failure to state a claim. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). When dismissing a claim *sue sponte*, a court can dismiss an action on its own motion as long as it employs fair procedures—fairness suggesting "both notice of the of the court's intention and an opportunity to respond." *Id.* (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 n.5 (5th Cir. 1998)). The Fifth Circuit has explained that a Magistrate Judge's report and recommendation provides sufficient notice of a court's intention to dismiss and ample time for a response. *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)), *cert. denied*, 139 S. Ct. 1200 (2019). Here, the Magistrate Judge's Report and Recommendation (Docket No. 4) provided Plaintiffs with notice of the Court's intention to dismiss this action and an opportunity to respond. Plaintiffs then responded by filing Objections. Docket No. 6. The Court therefore possesses the jurisdiction to act and the inherent power to dismiss this action *sua sponte* for the failure to state a claim. Accordingly, Plaintiffs' Objections are without merit.

The Court also notes that on May 16, 2019, after filing this lawsuit, Plaintiffs were enjoined from proceeding as a plaintiff in a proceeding in this District unless they are represented by a licensed attorney admitted to practice in this Court or unless they first obtain permission to proceed *pro se*. Case No. 6:19-cv-00031-JDK, Docket. No. 22. These requirements were implemented because of Plaintiffs' multiple frivolous lawsuits. This action is no different, and therefore Plaintiffs' complaint in this action will be dismissed with prejudice. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 838 n.2 (10th Cir. 2005).

After reviewing Plaintiffs' Objections (Docket No. 6) and the relevant pleadings and filings in this case, the Court agrees with the Magistrate Judge's determination that this action fails to

state any claim upon which relief may be granted. Accordingly, the Count finds that the Magistrate Judge appropriately determined that the above-captioned case should be dismissed with prejudice.

## III. CONCLUSION

Having made a *de novo* review of the objected-to portions of the Report and Recommendation (Docket No. 4), the Court finds, for the reasons explained above, that Plaintiffs' Objections (Docket No. 6) should be **OVERRULED** and the Magistrate Judge's Report (Docket No. 4) should be **ADOPTED**. The above-captioned case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Furthermore, the Court **ORDERS** that all other pending motions be **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **17th** day of **June, 2019.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE